

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# Beshay v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Beshay v. Atty Gen USA" (2003). *2003 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-2300
_____

AWNY BESHAY,
                    *Petitioner*
v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
                    *Respondent*


_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(INS No. A75-962-545)

_____


Submitted Under Third Circuit LAR 34.1(a)
September 9, 2003
Before: BARRY, BECKER and GREENBERG
*Circuit Judges*.

(Filed: September 23, 2003)


_____

OPINION
_____


BECKER, *Circuit Judge*.

This is a petition by Awny Beshay, an Egyptian national, for review of an Order of

the Board of Immigrations Appeals ("BIA").[1]   Beshay conceded before an Immigration

_____

[1]We have jurisdiction of his timely filed petition.  8 U.S.C. § 1252(b)(1)(2000).

Judge ("IJ") that he was removable from the United States and applied for asylum, and for withholding of removal . Beshay also sought protection pursuant to the 1984 United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51 at 197, U.N. Doc. A/39/51 (1984). Alternatively, Beshay requested permission to depart the United States voluntarily in the event that his other applications were denied. On October 27, 1999, the IJ denied the applications for asylum, withholding of removal, and protection pursuant to the CAT. However, the IJ granted Beshay partial relief in the form of voluntary departure until December 3, 1999, and further imposed a condition that he post bond of $5,000 within five days. Beshay did not post the bond.

Beshay timely appealed to the BIA from the October 27, 1999 decision, and on December 9, 2002, the BIA dismissed the appeal. The BIA ordered Mr. Beshay removed from the United States if he did not depart voluntarily within 30 days. Beshay did not depart within that 30-day period, and did not then petition for review of the BIA dismissal of his appeal. However, on January 30, 2003, Beshay filed with the BIA a motion to reopen his proceedings for the purpose of applying for adjustment of status to that of a lawful permanent resident pursuant to Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S. C. § 1255 (2000). (Beshay had married a United States citizen in Ventnor, New Jersey on November 3, 2002).

The BIA denied the motion to reopen on April 17, 2003. On April 28, 2003, Beshay filed with the BIA a motion for reconsideration of that April 17, 2003 decision, and on May

2

2, 2003, he petitioned this Court for review of the April 17, 2003 decision. On June 4, 2003, the BIA denied the motion to reconsider. Beshay has not filed any petition for review of the June 4, 2003 decision.

The first question presented by Beshay is whether the BIA erroneously ruled that he was not eligible to adjust his status to legal permanent resident pursuant to § 240B(d) of the INA. With respect to this question, Beshay makes a convoluted argument. He asserts that because he did not post the bond amount within five days as required by law, the IJ's order for voluntary departure was vacated so that § 240B(d) does not apply and it cannot prohibit Beshay from adjusting his status to legal permanent resident status. We review for abuse of discretion and find none.

Section 240B(d) provides:

> If an alien is permitted to depart voluntarily under this section and fails voluntarily to depart the United States within the time period specified, the alien shall . . . be ineligible for a period of 10 years for any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title.

8 U.S.C. § 1229(d)(2000). The plain meaning of § 240B(d) is that a person is ineligible for adjustment of status if he does not leave the United States by the date specified in a voluntary departure order. 8 U.S.C. § 1229(d)(2000). The statute does not make the posting of a voluntary departure bond the trigger of that bar to adjustment. Nor does 8 C.F.R. § 1240.26(c)(3)(2003) mention § 240B(d)'s eligibility bar – rather, § 1240.26(c)(3) merely provides that if a voluntary departure bond "is not posted within 5 business days, the voluntary departure order shall vacate automatically and the alternate

3

order of removal will take effect on the following day." 8 C.F.R. 1240.26(c)(3). We cannot write into § 240B(d) a limitation upon the adjustment eligibility bar that Congress did not see fit to enact.

Beshay also alleges that the BIA abused its discretion in denying his motion to reopen for adjustment of status as a result of his marriage to a United States citizen. However, Beshay did not petition for review of the BIA's denial of his motion to reconsider. We therefore do not possess jurisdiction to review that decision. *See Stone v. INS*, 514 U.S. 386, 401-02 (1995) and *Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003).

The petition for review will be denied.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge